IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS DAVIS, §<br>    PLAINTIFF, §<br>§<br>V. §<br>§<br>MARTIN MARIETTA MATERIALS, §<br>INC., §<br>    DEFENDANT. § | CASE NO. 3:23-CV-836-L |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Order of Reference*, Doc. 8, *Defendant Martin Marietta Materials, Inc.'s Motion to Dismiss and Brief in Support*, Doc. 6, is before the undersigned United States magistrate judge for findings and a recommended disposition. As detailed herein, the motion should be **GRANTED**, and Plaintiff's complaint should be **DISMISSED WITHOUT PREJUDICE**.

### I. BACKGROUND

Plaintiff alleges that January 3-August 20, 2020, Defendant, then his employer, engaged in a campaign of discrimination against him which ultimately led to his termination "on or about January 7, 2021." Doc. 1 at 3-4. Plaintiff avers for the first time in response to the instant motion that following his termination, he filed (1) a Texas Workforce Commission ("TWC") employment discrimination complaint ("TWC complaint") on November 1, 2021, and (2) an Equal Employment Opportunity Commission ("EEOC") charge of discrimination on December 23, 2021. Doc. 6 at 1; Doc. 6-1 at 2-3; Doc. 6-2 at 2-4.

After receiving a right to sue notice from the EEOC, Plaintiff, filed this case alleging Defendant violated the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq*, when it harassed and terminated him despite his "excellent" work performance.[1] Doc. 1 at 2, 3-4. Defendant subsequently filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]

## II. APPLICABLE LAW

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In making this determination, "[t]he court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). However, the court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citation omitted). To survive a motion to dismiss, a

---

[1] While Plaintiff also states in the introduction to his complaint that Defendant violated "29 U.S.C. §§ 2601, *et seq*." and "Title VII of the 1964 Civil Rights Act in 42 U.S.C. §§ 2000e et seq.[sic]," the only claim he actually pleads is under the ADEA. Doc. 1 at 1,4. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that a complaint must have "enough facts to state a claim to relief that is plausible on its face"). Thus, even if Plaintiff had intended to assert claims under sections 2601 and 2000e, such claims would likewise be subject to dismissal as inadequately pled.

[2] A challenge to the plaintiff's failure to timely exhaust ADEA claims is proper in a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 380 (5th Cir. 2002) (affirming Rule 12(b)(6) dismissal for failure to timely exhaust administrative remedies); *Stancu v. Hyatt Corp./Hyatt Regency Dallas*, No. 3:20-CV-864-E-BN, 2021 WL 495883, at *8 (N.D. Tex. Jan. 26, 2021) (Horan, J.) (recommending Rule 12(b)(6) dismissal of ADEA claims for failure to exhaust administrative remedies), *adopted by*, No. 3:20-CV-864-E-BN, 2021 WL 487756 (N.D. Tex. Feb. 10, 2021) (Brown, J.).

party's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and footnotes omitted).

### III. ANALYSIS

Under 29 U.S.C. § 626(d)(1)(B), a claimant exhausts his administrative remedies, and thereby has an independent right to sue, when he files an EEOC charge of discrimination "within 300 days after the alleged unlawful practice occurred," and 60 days have passed since that filing. 29 U.S.C. § 626(d)(1)(B). Here, Defendant avers that Plaintiff's ADEA claims should be dismissed as time-barred since Plaintiff did not file an EEOC charge within 300 days of Defendant's alleged discrimination or his termination, as required by section 626(d)(1)(B). Doc. 6 at 3. Defendant also preemptively asserts that (1) Plaintiff is not entitled to equitable tolling of the limitations period; and (2) Plaintiff's TWC "intake form" does not constitute a charge of discrimination as it does not clearly manifest his intent for the EEOC to take remedial action. Doc. 6 at 4-5. Finally, Defendant contends that Plaintiff's harassment claim is time-barred even if he attempts to plead that the TWC "intake form" tolled the limitations period. Doc. 6 at 5.

In response, Plaintiff argues (and offers evidence in the form of exhibits) for the first time that (1) he filed his TWC complaint on November 1, 2021, within the EEOC's 300-day window, but concededly outside the TWC's 180-day time limit; (2) a charge filed with the TWC is deemed contemporaneously filed with the EEOC due to the entities' work-sharing agreement; and (3) the TWC and EEOC formally recognized that he filed his charge of discrimination on November 1, 2021. Doc. 9 at 4-8. Plaintiff also asserts that Defendant's harassment was a series of continuing acts from January 3, 2020, until January 7, 2021, rendering such claims timely as well. Doc. 9 at 8-9.

3

In reply, Defendant objects to Plaintiff's exhibits and asserts that "[b]y attempting to introduce 11 Exhibits and 4 paragraphs" of facts not mentioned in his complaint, Plaintiff concedes that his complaint wholly fails to meet Rule 12(b)(6)'s requisite pleading standard. Doc. 10 at 1-2.

Based on the allegations in the Complaint, for Plaintiff to have adequately exhausted his administrative remedies, he should have filed (1) an EEOC charge pertaining to Defendant's alleged harassment by June 16, 2021—which is 300 days after August 20, 2020, the last date of harassment alleged in the complaint; and (2) an EEOC charge regarding his termination by November 3, 2021—which is 300 days after January 7, 2021.  29 U.S.C. § 626(d)(1)(B). Further, if Plaintiff sufficiently alleges ongoing harassment rather than discrete discriminatory acts, his harassment claims may qualify as continuing violations and render those claims timely as well.  *Heath v. Bd. of Supervisors for S. Univ. & Agric. & Mech. Coll.*, 850 F.3d 731, 739-40 (5th Cir. 2017), *as revised* (Mar. 13, 2017).

As an initial matter, the Court declines to consider the materials attached to Plaintiff's response, to-wit, a series of emails between Plaintiff's counsel and TWC and EEOC representatives.  *See Horton v. Tarrant Cnty. Hosp. Dist.*, No. 4:22-CV-0009-P, 2022 WL 620950, at *2 (N.D. Tex. Mar. 3, 2022) (Pittman, J.) ("[A]t the motion-to-dismiss stage, the Fifth Circuit is clear: factual allegations cited in a response or objection that are not in the petition or complaint are not properly before the Court.") (citing *Leal v. McHugh*, 731 F.3d 405, 407 n.2 (5th Cir. 2013)). Additionally, the Court declines to convert Defendant's motion to dismiss into a summary judgment motion in order to consider claims and facts beyond Plaintiff's complaint. *See* FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary

4

judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."); *Middaugh v. InterBank*, 528 F. Supp. 3d 509, 535 (N.D. Tex. 2021) (declining to convert a motion to dismiss into a motion for summary judgment pursuant to Rule 12(d) where the plaintiffs attached nearly 50 pages of exhibit in response to the motion).

Upon review, Plaintiff does not allege in his Complaint that he ever filed a TWC complaint or state specifically when he filed his EEOC charge. However, consistent with Defendant's argument, the EEOC charge indicates it was filed on December 23, 2021—490 days after the last alleged act of harassment and 350 days after Plaintiff's termination. Doc. 6 at 3; Doc. 6-1 at 2-4; *see Collins*, 224 F.3d at 498-99 (finding that documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim"). Accordingly, Plaintiff's claims should be dismissed for failure to timely exhaust administrative remedies. *See Ferrer v. Chevron Corp.*, 484 F.3d 776, 782 (5th Cir. 2007) (noting that "a 12(b)(6) inquiry focuses on the allegations in the pleadings").

## IV. LEAVE TO AMEND

Although a court may dismiss a claim which fails to meet Rule 12(b)(6)'s pleading requirements, "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (citation omitted). The Court of Appeals for the Fifth Circuit has held that district courts may construe new allegations and theories in responses to dispositive motions as a motion for leave to amend. *Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992) (deciding that a response to a motion to dismiss in which plaintiff first alleged that she had been willfully discriminated against

should be treated as a motion to amend). Additionally, the United States Supreme Court has established factors to consider when determining whether to grant leave to amend, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Because Plaintiff raises new allegations in his response, the Court construes Plaintiff's response as a motion for leave to amend. The Court also finds that the *Foman* factors support granting leave to amend since: (1) doing so will not cause undue delay as this action has been pending less than six months and no scheduling order has yet issued; (2) there is no evidence that Plaintiff acted in bad faith or with dilatory motive; (3) Plaintiff has not previously been granted leave to amend; and (4) there is no evidence that allowing Plaintiff to amend his complaint would prejudice Defendant or that amendment would otherwise be futile. *Cf. Robbins v. XTO Energy, Inc.*, No. 3:16-CV-0793-S, 2018 WL 3130605, at *5 (N.D. Tex. June 26, 2018) (Scholer, J.) (allowing plaintiff leave to amend his complaint even though the case had been pending for two years and the plaintiff had already amended his complaint twice).

## V. CONCLUSION

For the foregoing reasons, *Defendant Martin Marietta Materials, Inc.'s Motion to Dismiss and Brief in Support*, Doc. 6, should be **GRANTED**, and Plaintiff's claims should be **DISMISSED WITHOUT PREJUDICE**. However, if Plaintiff fails to file an amended complaint curing the defects discussed herein within 14 days of the district judge's order accepting this recommendation, at Defendant's re-urging, this action should be dismissed with prejudice and this case closed. *See Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592,

607 (5th Cir. 2007) (holding that when exhaustion of administrative remedies is no longer possible, dismissal may be with prejudice).

    **SO RECOMMENDED** on October 17, 2023.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

    A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).