IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS DAVIS, | § | |
|     PLAINTIFF, | § | |
| | § | |
| v. | § | CASE NO. 3:23-CV-836-L |
| | § | |
| MARTIN MARIETTA MATERIALS, | § | |
| INC., | § | |
|     DEFENDANT. | § | |

## ORDER

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Order of Reference*, Doc. 8, *Defendant Martin Marietta Materials, Inc.'s Motion to Dismiss and Brief in Support*, Doc. 6, is before the undersigned United States magistrate judge for findings and a recommended disposition. As detailed herein, the *Findings, Conclusions and Recommendation of the United States Magistrate Judge*, Doc. 11, is **WITHDRAWN**, and Defendant's motion, Doc. 6, is **TERMINATED WITHOUT PREJUDICE AS MOOT**.

### I. BACKGROUND

In April 2023, Plaintiff sued Defendant for age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* Doc. 1, *passim*. Defendant subsequently moved to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6), principally arguing that Plaintiff had not satisfied a condition precedent to filing suit—the timely filing of a corresponding charge with the Equal Employment Opportunity Commission ("EEOC"). Doc. 6 at 1. Considering the parties' arguments, the undersigned recommended, *inter alia*, dismissal of Plaintiff's complaint with prejudice unless Plaintiff "file[s] an amended complaint curing the defects discussed herein within 14 days of the district

judge's order accepting this recommendation." Doc. 11 at 6.  Although no order of acceptance has yet been entered, Plaintiff has filed an amended complaint. Doc. 12.

## II. ANALYSIS

An amended complaint, which supersedes the original complaint as the operative live pleading, generally renders moot a motion to dismiss the original complaint. *See, e.g.*, *Garza-Selcer v. 1600 Pac. Subtenant, LLC*, No. 3:15-CV-03791-N, 2016 WL 11474103, at *2 (N.D. Tex. Aug. 30, 2016) (Godbey, J.) (citation omitted).  That notwithstanding, "a motion to dismiss that attacks the original complaint for deficiencies that persist in the amended complaint should not necessarily always be denied as moot.  Rather, the court has the discretion to apply the original motion to dismiss to the amended complaint." *New World Int'l, Inc. v. Ford Glob. Techs., LLC*, No. 3:16-CV-1112-M, 2017 WL 1078525, at *5 (N.D. Tex. Mar. 22, 2017) (Lynn, C.J.).

Here, the undersigned recommended dismissal of Plaintiff's claims for failure to exhaust administrative remedies as "Plaintiff does not allege in his Complaint that he ever filed a TWC complaint or state specifically when he filed his EEOC charge." Doc. 11 at 5.  However, upon review, the Court is not persuaded that the deficiencies identified in the original complaint persist in the amended complaint. *Compare* Doc. 1 at 2 *with* Doc. 12 at 2-5.  Thus, the Court declines to apply Defendant's original motion to dismiss to the amended complaint, and instead finds that Defendant's motion to dismiss is moot. *See Xtria, LLC v. Int'l Ins. All. Inc.*, No. CIV.A.309-CV-2228-D, 2010 WL 1644895, at *2 (N.D. Tex. Apr. 22, 2010) (Fitzwater, C.J.) ("Because [the plaintiff] has been granted leave to amend, [the defendant's] motions to dismiss and for judgment on the pleadings are denied without prejudice as moot.") (citation omitted).

### III. CONCLUSION

For the foregoing reasons, the *Findings, Conclusions and Recommendation of the United States Magistrate Judge*, Doc. 11, is **WITHDRAWN**, and *Defendant Martin Marietta Materials, Inc.'s Motion to Dismiss and Brief in Support*, Doc. 6, is **TERMINATED WITHOUT PREJUDICE AS MOOT**.

**SO ORDERED** on November 3, 2023.

*[Signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE