IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS DAVIS, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:23-CV-836-L (BK) |
| | § | |
| MARTIN MARIETTA MATERIALS, INC., | § | |
| | § | |
|     DEFENDANT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Order of Reference*, Doc. 15, *Defendant Martin Marietta Materials, Inc.'s Motion to Dismiss and Brief in Support*, Doc. 14, is before the undersigned United States magistrate judge for findings and a recommended disposition. For the reasons stated here, the motion should be **GRANTED IN PART** and **DENIED IN PART**.

I. BACKGROUND

    *A. Factual History*

Plaintiff alleges in the operative complaint that from 1989 until January 2021, he worked for Defendant (including its predecessor company) as a truck driver. Doc. 12 at 5. Over the years, he earned safety and performance awards, received pay raises, and had no at-fault accidents. Doc. 12 at 6. Until January 2020, Plaintiff had never been written-up for poor performance or otherwise disciplined. Doc. 12 at 5, 7.

He contends that, around that time, Defendant began making his work environment tougher with the goal of prompting him to quit or retire based on his age. Doc. 12 at 5. For

example, Defendant assigned Plaintiff routes that it knew would be difficult to complete in the allocated time, and then "claimed Plaintiff was responsible." Doc. 12 at 6. Defendant gave Plaintiff the "dirtiest and oldest" trucks, limited his time for cleaning his truck, and then accused him of having a "dirty truck." Doc. 12 at 6. Defendant further required Plaintiff to clean his truck before the sun rose, and thus without adequate lighting, despite knowing of his "night vision decline." Doc. 12 at 6. Defendant would give Plaintiff an "extremely short" amount of time to complete a safety inspection, increasing the likelihood that a safety issue would arise, to find Plaintiff at-fault. Doc. 12 at 6. And Plaintiff's managers would "continuously" make comments about his age, including asking him when he planned to retire. Doc. 12 at 6. Defendant's conduct allegedly continued until it terminated Plaintiff's employment on January 7, 2021. Doc. 12 at 6. At that time, Plaintiff was 70 years old. Doc. 12 at 7.

    B.  *Procedural History*

On November 1, 2021, 298 days after Defendant terminated Plaintiff's employment, he submitted, through counsel, an Employment Discrimination Complaint Form ("Complaint Form") to the Texas Workforce Commission ("TWC"). Doc. 12 at 2; Doc. 12-1 at 1-4. Two days later, the TWC informed Plaintiff that it was transferring his complaint to the Equal Employment Opportunity Commission ("EEOC"). Doc. 12 at 4; Doc. 12-1 at 10. The TWC explained that Plaintiff's complaint was outside its jurisdiction of 180 days, but he had 300 days to file a complaint with the EEOC. Doc. 12-1 at 10.

On December 2, 2021, the EEOC sent Plaintiff a "Form 5" charge to complete. Doc. 12 at 4. Three weeks later, Plaintiff returned the completed form. Doc. 12 at 4; Doc. 12-1 at 14. However, on January 4, 2022, the EEOC responded that the statute of limitations had expired

because the completed form was received on December 23, 2021, which was outside of the statutory 300-day limitations period. Doc. 12 at 4; Doc. 12-1 at 20-21. Plaintiff then clarified that he submitted his Complaint Form to the TWC within the 300-day window. Doc. 12 at 5; Doc. 12-1 at 19-20. In response, the EEOC acknowledged that it would honor November 1, 2021, as the date of Plaintiff's charge. Doc. 12 at 5. Thereafter, the EEOC issued a right-to-sue letter. Doc. 12 at 5.

Plaintiff then filed suit in this Court, seeking, *inter alia*, damages from Defendant for violating the Age Discrimination in Employment Act ("ADEA"). Doc. 12 at 7-9. Defendant now moves to dismiss this action in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 14. Plaintiff has filed a response, Doc. 16, Defendant has filed a reply, Doc. 17, and thus this recommendation follows.

## II. APPLICABLE LAW

To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, (alteration omitted)

(quoting Federal Rule of Civil Procedure 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. In ruling on a Rule 12(b)(6) motion, courts can consider attachments to the pleadings, such as the exhibits to Plaintiff's operative complaint. *See Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) ("A written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding.") (citations omitted).

## III. ANALYSIS

### A. Plaintiff adequately pled the timeliness of his EEOC charge.

Before an individual can pursue an ADEA claim in federal court, he generally must exhaust his administrative remedies by filing a charge with the EEOC within 180 days after the alleged unlawful action occurred. 29 U.S.C. § 626(d)(1)(A). In a "deferral state" like Texas, however, section 626(d)(1)(A)'s 180-day period is extended to 300 days. 29 U.S.C. § 626(d)(1)(B); *Conaway v. Control Data Corp.*, 955 F.2d 358, 362 n.2 (5th Cir. 1992) (noting that Texas is a "deferral state). Consequently, a Texas employee's discrimination claims are not time-barred if the employee files an age discrimination charge with the EEOC within 300 days after the unlawful employment practice. *Tyler v. Union Oil Co.*, 304 F.3d 379, 384 (5th Cir. 2002) (noting that the limitations period for filing a discrimination charge with the EEOC is "effectively 300 days."). But Texas and the EEOC also have a work-sharing agreement through which the TWC and the EEOC are designated as each other's agent for "the purpose of receiving and drafting charges, including those that are not jurisdictional with the agency that initially receives the charges." *Vielma v. Eureka Co.*, 218 F.3d 458, 462 (5th Cir. 2000).

As relevant here, "[f]ailure to exhaust is an affirmative defense." *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 307 (5th Cir. 2018) (citations omitted), *aff'd sub nom*, *Fort Bend Cnty., Tex., v. Davis*, 139 S. Ct. 1843 (2019). "[W]hile affirmative defenses, including non-exhaustion, can be appropriately asserted on a [Rule] 12(b)(6) motion, dismissal on such a basis is appropriate only if the defense is evident on the face of the complaint." *Luebano v. Off. Depot, L.L.C.*, No. 22-50767, 2023 WL 4249268, at *3 (5th Cir. June 29, 2023) (citing *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank*, 467 F.3d 466, 470 (5th Cir. 2006).

Defendant argues that Plaintiff failed to exhaust his administrative remedies because he did not file a "charge" with the EEOC until he submitted EEOC Form 5 (a formal charge) on December 23, 2021, after the 300-day limitations period had expired. Doc. 14 at 2-3. Defendant also asserts that (1) Plaintiff's Complaint Form is not a "charge," and (2) his communications with the TWC and EEOC did not turn the Complaint Form into a "charge." Doc. 14 at 3-7. Plaintiff responds that his ADEA claim is timely in light of the work-sharing agreement between the TWC and EEOC, which deems a charge filed with one entity as filed with both entities upon its submission. Doc. 16 at 10-15. Plaintiff also emphasizes that the EEOC acknowledged November 1, 2021 as the date it received his charge of discrimination. Doc. 16 at 15.

The Court concludes that Defendant has not met its burden to establish its failure-to-exhaust defense for purposes of Rule 12(b)(6) dismissal. The parties do not dispute that Plaintiff submitted his Complaint Form to the TWC on November 1, 2021—the 298th day after the termination of his employment. *See* Doc. 12 at 3; Doc. 14 at 1. Pursuant to the work-sharing agreement, it was thus "received" by the EEOC on that date as well. It is immaterial that Plaintiff submitted the Complaint Form outside the 180-day period during which the TWC had

5

jurisdiction. *See* TEX. LABOR CODE § 21.202(a), (b) ("[A] complaint under this subchapter must be filed not later than the 180th day after the date the alleged unlawful employment practice occurred. . . . The [TWC] shall dismiss an untimely complaint."); *Vielma*, 218 F.3d at 462 (noting that the TWC and EEOC are each other's agent when drafting and receiving charges "that are not jurisdictional with the agency that initially receives the charges"). For Defendant to prevail at this stage, it must establish that Plaintiff's Complaint Form is not a "charge."

The Supreme Court has recognized that "a wide range of documents" can be classified as charges. *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 402 (2008). To be classified as such, the document must (1) set forth the information required by the applicable regulations and (2) "be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Id.* As to the first prong, "a charge is sufficient when the [EEOC] receives from the person making the charge either a written statement or information reduced to writing by the [EEOC] that conforms to the requirements of § 1626.6." 29 C.F.R. § 1626.8(b). Section 1626.6 states, "A charge shall be in writing and shall name the prospective respondent and shall generally allege the discriminatory act(s)." *Id.* § 1626.6.

Defendant has not shown that Plaintiff's Complaint Form does not meet these requirements. As to the information required by section 1626.6, the Complaint Form (1) is in writing, (2) names Defendant as Plaintiff's employer, and (3) explains Plaintiff's belief that he was discriminated against based on his age in language nearly identical to what appears in his operative pleading. Doc. 12-1 at 1-4. As to *Holowecki*'s request-to-act requirement, it suffices that Plaintiff stated that he was seeking "[a]ll damages applicable under the law including

monetary damages, attorneys['] fees and costs." Doc. 12-1 at 4; *see Peters-Clark v. Angelina Coll.*, No. 9:20-CV-00031-RC, 2020 WL 4757939, at *5 (E.D. Tex. July 13, 2020) (finding sufficient the plaintiff's request that "she would like an investigation . . . [and is] seeking compensatory damages within the confines of Title VII"), *adopted by*, 2020 WL 4747829 (E.D. Tex. Aug. 15, 2020).

Defendant's remaining arguments about why the Complaint Form is not a charge are unpersuasive. First, Defendant points to the Complaint Form's statement that "Submitting this Complaint Form DOES NOT represent filing a formal Charge of Discrimination." Doc. 14 at 5 (citing Doc. 12-1 at 4). But that does not foreclose the possibility that the form *can* constitute a charge of discrimination, where, as here, it contains the information required by *Holowecki*. *Cf. Holowecki*, 552 U.S. at 405 ("[T]he agency is not required to treat every completed Intake Questionnaire as a charge."). Second, the correspondence attached to Plaintiff's operative complaint does not support Defendant's argument because the EEOC's acknowledgment that it would honor November 1, 2021 as the date it received Plaintiff's charge underscores that he, in fact, timely filed it. *See* Doc. 12 at 4; Doc. 12-1 at 19. Accordingly, Defendant's motion should be denied on this basis.[1]

> B. *Plaintiff adequately pled that he was subject to harassing conduct with the statutory 300-day period.*

Though Plaintiff does not explicitly plead a separate count for age-based harassment (i.e., age-based hostile work environment), Defendant presumes Plaintiff intended to do so based on the substance of his factual allegations and argues that, in any event, such a claim is time-barred

---

[1] Because the Court finds that Plaintiff's filing was timely, Defendant's argument that Plaintiff cannot establish the applicability of equitable tolling is not addressed. Doc. 14 at 7-8.

because the operative complaint does not allege any harassing conduct that occurred within the 300-day period. Doc. 14 at 8. To that end, Defendant emphasizes Plaintiff's allegation that his "difficult work environment" ended in August 2020—well outside the applicable statutory period. Doc. 14 at 8. Not so, Plaintiff responds, countering that he has sufficiently pleaded a "continuing action" for harassment by listing several instances of such conduct "that happened on a regular basis" between January 3, 2020 and January 7, 2021, the date on which his employment was terminated. Doc. 16 at 15-16.

A hostile work environment claim differs from a claim arising from discrete acts, such as termination, failure to promote, denial of transfer, or refusal to hire, in that the former involves "repeated conduct." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002) (citation omitted). Such conduct "occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." *Id.* (citation omitted). Instead, "such claims are based on the cumulative effect of individual acts." *Id.* For a hostile work environment claim to be timely under the "continuing violation" doctrine, at least one of the acts on which the claim is based must have occurred within the 300-day period. *Id.* at 117-18; *see also Montgomery v. Louisiana ex rel. La. Dep't of Pub. Safety & Corrs.*, No. 01–31458, 2002 WL 1973820, at *2 (5th Cir. Aug. 2, 2002) ("The continuing violation theory can relieve a plaintiff of showing that all of the defendant's conduct occurred within the prescription period, but only if the plaintiff can show a series of related acts, one or more of which falls within the limitations period.") (citation and internal quotation marks omitted). *See also Jones v. Rooms To Go*, No. 4:19-CV-03564, 2020 WL 3640003, at *5 (S.D. Tex. July 6, 2020) (finding a hostile

8

work environment claim sufficiently pled under *Morgan* where the plaintiff alleged the harassment was "continuous in nature").

Here, the Court can reasonably infer from the allegations in the complaint that the allegedly harassing conduct occurred within the 300-day period preceding November 1, 2021—the date Plaintiff filed his TWC Intake Form. *See Jones*, 2020 WL 3640003, at *5. The operative complaint alleges that the discriminatory harassment "started in January 2020" and "continued [through] Plaintiff's termination date on January 7, 2021." Doc. 12 at 6. According to the allegations, Plaintiff's managers, for example, would "continuously" ask him when he planned to retire. Doc. 12 at 6. At one point, Plaintiff also pleads that his "difficult work environment" seemingly ended in August 2020. Doc. 12 at 7. However, this single reference to August 2020—which makes no explicit reference to the purported age-related harassment—does not render null Plaintiff's numerous other references to January 7, 2021, as the alleged end date of the age-related harassment to which he was purportedly subjected. *See White v. U.S. Corr., L.L.C.*, 996 F.3d 302, 306-07 (5th Cir. 2021) (reiterating that, in reviewing a Rule 12(b)(6) motion, the court "constru[es] all reasonable inferences in the complaint in the light most favorable to the plaintiff") (citation omitted). Accordingly, Defendant's motion should be denied on this basis.

### C. Plaintiff adequately pled an age-based harassment/hostile work environment claim.

A plaintiff may bring a hostile work environment claim under the ADEA. *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 441 (5th Cir. 2011). "A plaintiff advances such a claim by establishing that (1) he was over the age of 40; (2) [he] was subjected to harassment, either through words or actions, based on age; (3) the nature of the harassment was such that it created

9

an objectively intimidating, hostile, or offensive work environment; and (4) there exists some basis for liability on the part of the employer." *Id.* (citation omitted); *see also Eng. v. Perdue*, 777 F. App'x 94, 98 (5th Cir. 2019) (applying *Deidol*'s framework in analyzing a hostile work environment claim under Rule 12(b)(6)).

To satisfy the third element (the only contested element at this stage), a plaintiff must show that the harassment was objectively unreasonable. *Dediol*, 655 F.3d at 441. "This means that not only must a plaintiff perceive the environment to be hostile, but it must appear hostile or abusive to a reasonable person." *Id.* "To determine whether conduct is objectively offensive, the totality of the circumstances is considered, including: '(1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or merely an offensive utterance; and (4) whether it interferes with an employee's work performance.'" *Id.* (quoting *EEOC v. WC&M Enters.*, 496 F.3d 393, 399 (5th Cir. 2007)).

Defendant argues that this claim should be dismissed because the conduct that Plaintiff alleges is not sufficiently severe or pervasive. Doc. 14 at 8-9. In response, Plaintiff underscores his allegations that, Defendant (1) assigned him routes that were impossible to complete in the allotted timeframe; (2) gave him the oldest and dirtiest truck then accused him of having a dirty truck; (3) required him to clean his truck in the dark; (4) limited his time to complete required safety measures, thereby setting him up to fail; and (5) continuously commented on his age and asked him when he planned to retire. Doc. 16 at 17.

At this juncture, Plaintiff's well-pleaded facts reasonably permit the inference that Defendant is liable for age-based harassment/hostile work environment. Considering the "totality of the circumstances," the operative complaint outlines a series of "objectively

10

unreasonable" events that commenced in January 2020 and persisted through the date of the termination of Plaintiff's employment, including continuous age-based questions and comments from Plaintiff's managers. *Dediol*, 655 F.3d at 441. At this pleading stage of this case, he has met his burden. *See Norris v. Acadiana Concern for Aids Relief Educ. & Support*, 421 F. Supp. 3d 399, 409 (W.D. La. 2019) (finding the plaintiff sufficiently alleged an age-based harassment/hostile work environment claim under the ADEA by pleading a "pattern of age-based comments" that she was subjected to at least bi-weekly).

At the same time, no case cited by Defendant provides an adequate basis for a pleading-stage dismissal of this claim. Unlike here, all but one of the cited cases arose at the summary judgment stage, to-wit, after the plaintiff had the opportunity to support his claim with evidence. *See* Doc. 14 at 8-9 (citing *Thompson v. Microsoft Corp.*, 2 F.4th 460, 471 (5th Cir. 2021); *Eyob v. Mitsubishi Caterpillar Forklift Am., Inc.*, 745 F. App'x 209 (5th Cir. 2018), *as revised* (Aug. 10, 2018); *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 443 (5th Cir. 2012)).

In the lone pleading-stage case that Defendant cites, *Hernandez v. Mapei Corp.*, No. 3:17-CV-3515-N-BK, 2018 WL 4189710, at *2-3 (N.D. Tex. Aug. 10, 2018) (Toliver, J.), *adopted by*, 2018 WL 4184921 (N.D. Tex. Aug. 31, 2018) (Godbey, J.), the Court dismissed a hostile work environment claim when the plaintiff alleged only that she was "intimidated by glares and screamed at" without further factual enhancement, such as "the identity of the alleged perpetrator(s), dates and places of occurrence, [or] specific acts committed." As detailed *supra*, however, Plaintiff *has* provided sufficient facts to support the conclusion that he was subjected to a hostile work environment while in Defendant's employ, e.g., the frequency of the age-based

11

comments, the identity of the perpetrators thereof, and a description of other acts in support of this claim. Defendant's motion should thus be denied as to this claim.

### D. Plaintiff has failed to plead a Title VII claim.

Plaintiff's original complaint claimed Defendant violated "Title VII of the 1964 Civil Rights Act in 42 U.S.C. §§2000e et. seq. as amended by the Civil Rights Act of 1991." Doc. 1 at 1. In recommending dismissal of that complaint, the undersigned highlighted that Plaintiff's Title VII claim lacked any supporting facts. Doc. 11 at 2 n.1. Plaintiff subsequently filed the operative complaint, which contains the identical statement, again without any supporting facts. Doc. 12 at 1.

Defendant re-urges that this claim should be dismissed because of Plaintiff's continued failure to cured this previously noted deficiency. Doc. 14 at 9-10. In response, Plaintiff argues that he has, in fact, stated a Title VII claim because the ADEA's "substantive provisions" derived from Title VII. Doc. 16 at 18-19 (citations and internal quotation marks omitted).

Dismissal is indeed appropriate. Age is not a protected class under Title VII, regardless of whether Title VII shares any "substantive provisions" with the ADEA. See 42 U.S.C. §§ 2000e–2(a)(1)-(2) (the only protected classes under Title VII are "race, color, religion, sex, or national origin"). Accordingly, Defendant's motion should be granted on this basis, and Plaintiff's purported Title VII claim should be dismissed with prejudice.

### E. Plaintiff does not allege a "claim" for respondeat superior.

In the operative complaint, Section VI, titled "Respondeat Superior and Ratification," reads:

> Whenever in this complaint it is alleged that the Defendant did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or

> representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

Doc. 12 at 8.

Defendant argues that respondeat superior "is not an independent cause of action," and even if it is, "any alleged acts are time-barred." Doc. 14 at 9. Plaintiff counters that he is not asserting respondeat superior as an independent cause of action but to hold Defendant liable for its agents' actions. Doc. 16 at 18-19.

While Defendant is correct that respondeat superior is not an independent cause of action, *Turner v. Upton Cnty.*, 915 F.2d 133, 138 n.7 (5th Cir. 1990), the Court does not construe the operative complaint as asserting a "claim" for respondeat superior, considering that the ADEA allows Plaintiff to hold Defendant liable for the conduct of its agents, as Plaintiff points out. *See* 29 U.S.C. § 630(b) (defining "employer" to include its "agents" in the ADEA context). Having already rejected Defendant's failure-to-timely-exhaust argument, the Court need not address it further here. Defendant's motion should be denied on this basis.

## IV. LEAVE TO AMEND

Suits should be dismissed without prejudice on Rule 12 motions when possible. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Courts thus generally allow at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Id.*; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548-49 (N.D. Tex. 2014) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction"). Yet courts may appropriately

13

dismiss an action with prejudice upon finding that the plaintiff has alleged its best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

As stated supra, the only claim that should be dismissed here is Plaintiff's purported Title VII claim. Because Plaintiff has previously been permitted to amend to cure the deficiency noted herein, and failed to do so, the Court can only conclude that Plaintiff has already pled his "best case." Thus, granting Plaintiff leave to again amend that claim is not warranted, and dismissal of that claim, as noted *supra*, should be with prejudice.

## V. CONCLUSION

For the foregoing reasons, *Defendant Martin Marietta Materials, Inc.'s Motion to Dismiss and Brief in support,* Doc. 14, should be **GRANTED IN PART** and **DENIED IN PART** as outlined herein. Specifically, Plaintiff's Title VII claim should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on July 9, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

14

## INSTRUCTIONS FOR SERVICE AND NOTICE
## OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).